IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES C. WALDO, ETHANNE S. WALDO,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:10-CV-0928<br><br>Judge Clark Waddoups |

Before the court is Plaintiffs' motion (Dkt. No. 38) for the court to reconsider its order (Dkt. No. 27) adopting the magistrate judge's report and recommendation (Dkt. No. 31). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

As to the first justification for moving the court to reconsider its prior judgment, Plaintiffs refer the court to "Senate Bill 261 from the 2011 Legislature regarding the State of Utah Foreclosure Law." (Dkt. No. 44, 2.)  Plaintiffs fail to quote the law, fail to explain its relevance in this case, and fail to state its legal persuasion given that this case was filed before the bill was presumably enacted.  Rather, Plaintiff simply makes long-worn arguments that Ocwen must show its possession of the original mortgage note and original deed. (Dkt. No. 38, 5.)  These and similar arguments have been rejected by this court, the Utah Court of Appeals, and the Tenth Circuit Court of Appeals.  *See Marty v. Mortgage Elec. Registration Sys.,* 2010

U.S. Dist. LEXIS 111209; *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 2011 UT App 232, 263 P.3d 397; *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 2011 U.S. App. LEXIS 25753.  And as to the second and third justifications for reconsideration, Plaintiffs make no cognizable argument supporting the existence of new material evidence or the need to correct clear error or prevent manifest injustice.  Accordingly, Plaintiffs' motion for reconsideration is denied.

By adopting the magistrate judge's report and recommendation, this court also adopted the magistrate's recommendation that "All of Plaintiffs' filings, including any civil complaints they send to the court for filing, must be certified as provided in rule 11 of the Federal Rules of Civil Procedure."  (Dkt. No. 31, 11.)  Indeed, Rule 11 states that "By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b).  It is clear that Plaintiff has failed to make a reasonable inquiry as to the state of the law in this case.  Furthermore, Plaintiffs have also failed to make a nonfrivolous argument of why the current law should be modified.  Therefore, because Plaintiffs have failed to conform their conduct to Fed. R. Civ. P. 11 after being explicitly directed to do so by the magistrate judge – and by extension this court – Plaintiffs are hereby sanctioned $250.  Future frivolous filings will result in additional sanctions in significantly greater amounts.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' motion for reconsideration is DENIED. (Dkt. No. 38.) Plaintiffs are also sanctioned under Fed. R. Civ. P. 11 for filing a frivolous motion, and are therefore ordered to pay $250 to the court no later than May 18, 2012. The clerk's office is hereby instructed to enter final judgment. This action is closed.

DATED this 26th day of April, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge